such power is unauthorized by law; third, that it will result in injury for which no other adequate remedy exists. And the remedy may be invoked against any body of persons or officers assuming to exercise judicial or *quasi* judicial powers, although not strictly or technically a court." *High on Extraordinary Remedies*, sec. 764a. A writ of prohibition does not lie to bring before the higher tribunal matters which may properly be brought before it by writ of error or certiorari, and cannot be used to correct errors of inferior tribunals whereof they have jurisdiction. *People v. Cook County Circuit Court*, 173 Ill. 272. The petitioners had the right of review by writ of certiorari, resorted to in this State in these proceedings. *People v. Lindblom*, 182 Ill. 241; *Joyce v. City of Chicago*, 216 Ill. 466; *Powell v. Bullis*, 221 Ill. 380.

In view of the authorities cited it is, we think, a fatal objection to the relators' right to the writ, that they had, in the event they were discharged, the right of review of the proceedings of the State Civil Service Commission by certiorari.

In our opinion, the facts stated in the petition are insufficient to authorize the issuing of the writ of prohibition, and the court erred in overruling defendant's demurrer to the petition and in ordering that the writ issue.

The judgment of the Circuit Court is reversed.

*Reversed.*

---

**F. J. Haggarty Company, Defendant in Error, v. M. G. Conley, Plaintiff in Error.**

**Gen. No. 20,310.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in this court at the October term,

1914. Affirmed. Opinion filed November 1, 1915. Rehearing denied November 15, 1915.

## Statement of the Case.

Action by F. J. Haggarty Company, a corporation, plaintiff, against M. G. Conley, defendant, for $75 alleged to have been overpaid by plaintiff to defendant by mistake. Defendant claimed a set-off of $911.50. There was a judgment for plaintiff, to reverse which defendant prosecutes this writ of error.

The evidence showed that Frank J. Haggarty for some years prior to January 31, 1911, was a partner with his father in the teaming business under the name of M. C. Haggarty & Son, and on that day the firm was dissolved and M. C. Haggarty took all the property and assets of the firm. From January 31 to April 13, 1911, Frank J. Haggarty did some teaming business on brokerage, but had no teams, wagons, trucks or other assets of his own. April 14th a corporation was organized under the name of F. J. Haggarty Company, with an authorized capital of $5,000. F. J. Haggarty subscribed for $2,500 of the capital stock, W. E. Hall for $2,400, and John Kercher for $100. Frank J. Haggarty's wife paid for the $2,500 stock subscribed for by him, and $2,400 of the stock was transferred to her. Hall and Kercher paid for the stock subscribed by them respectively. Neither Mrs. Haggarty, Hall nor Kercher were interested in or in any way connected with the teaming business carried on by Frank J. Haggarty prior to the organization of the corporation.

Points relied upon for reversal were: First. Where an organization or association of persons take a name which imports a corporate existence and do business and contract under that name, they will be estopped to deny that they are a corporation; second, that where a corporation is a mere continuation of the same business previously transacted by the same parties, it must

be presumed to be bound by the obligations which such business is liable for. The contention of defendant in error is that the facts disclosed do not bring the case within the rules of law so stated.

COBURN & BENTLEY, for plaintiff in error.

FRANCIS E. CROARKIN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 57*—*when evidence insufficient to estop denial of corporate existence.* Evidence examined in an action by a corporation to recover an amount alleged to have been paid by mistake on a debt incurred by another before its incorporation, and *held* insufficient to show that there was an organization or association of persons doing business under the corporate name before plaintiff received its charter.

2. CORPORATIONS, § 472*—*when evidence insufficient to show corporation a continuation of another business.* Evidence in action by corporation examined and *held* insufficient to show that the corporation was a mere continuation of the same business previously conducted by the same parties.

---

Simon T. Sutton, Administrator, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 20,422.

1. NEGLIGENCE, § 112*—*when negligence of driver of automobile not imputed to guest.* The negligence of the driver of an automobile cannot be imputed to one riding therein as guest of the driver.

2. NEGLIGENCE, § 191*—*when a question of fact for the jury.* In an action against a municipal corporation to recover for the death of one drowned by an automobile in which he was riding running into an open drawbridge maintained by a municipality, where the evidence shows that the deceased was one of a party of eight in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.